# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BALLARD and MONA BALLARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07CV00964 ERW |
| WARREN COUNTY DETENTION FACILITY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e). After reviewing the amended complaint, the Court finds that it is partially frivolous. The Court will dismiss the frivolous portions of the complaint and will order defendants Dalton and Sims to respond to the non-frivolous portions of the complaint. Additionally, James Ballard has filed a motion for temporary restraining order. The motion is without merit and will be denied.

### 28 U.S.C. § 1915(e)

Under § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiffs, both of whom are pretrial detainees, bring this action under 42 U.S.C. § 1983 for alleged violations of their constitutional rights. Named as defendants are Warren County Detention Facility ("WCDF"), Wesley Dalton (Judge, Warden of WCDF), Anthony Barber (Administrator, WCDF), Kevin Harrison (Sheriff of Warren County), Kim Sims (Correctional Officer, WCDF), Scott Schoenfeld (Detective, Warren County Sheriff's Department), Doug Stonebarger (Lieutenant, Warren County Sheriff's Department), Michael Wright (Prosecuting Attorney, Warren County), Joel Anderson (Assistant Prosecuting Attorney), and James Whiteside (same).

On January 22, 2007, defendant Wright filed a four-count criminal complaint charging James Ballard with statutory sodomy and endangering the welfare of a child. The complaint was the result of an investigation by defendant Stonebarger, in which Mona Ballard's daughter told investigators that James Ballard had given her methamphetamine in exchange for oral sex on several occasions. The complaint against James Ballard was amended on May 29, 2007, and three counts of use of a child in a sexual performance were added. Additionally, on May 29, 2007, Warren County prosecutors filed a six-count criminal complaint against Mona Ballard charging her with endangering the welfare of a child and use of a child in sexual performance.

James Ballard is representing himself in his criminal proceedings before defendant Judge Dalton. Ballard has filed at least two motions in his criminal case to disqualify the prosecuting attorneys of Warren County from trying his case. The basis for the motions to disqualify was that Ballard has filed the instant civil case against the prosecutors and, therefore, there is a conflict of interest that prevents the prosecutors from proceeding against him. Ballard did not only seek to disqualify the Warren County prosecutor from trying the current criminal proceedings against him, but he also sought their disqualification in any future proceeding. Judge Dalton denied the motions to disqualify. Ballard claims that he has also filed motions for change of judge and change of venue and that those motions are still pending before Judge Dalton.

James Ballard is currently confined at Fulton Reception and Diagnostic Center ("FRDC"). Before he was transferred to FRDC, Ballard was detained at WCDF. Ballard alleges that defendant Dalton not only acts as a judge, but that he also acts as the "overseer" of WCDF. Liberally construing the complaint, James Ballard alleges several facts relating to the time he was detained at WCDF: that he was not allowed to receive any magazine or newspaper and that it was the practice of the WCDF defendants to prohibit all detainees from receiving magazines or newspapers; that he was not allowed to exercise outdoors, although he was allowed to exercise indoors; that medications were delivered to the detainees by untrained staff; that he was denied

access to a law library; that prison staff would not mail his legal mail unless he affixed postage stamps to it; and that his canteen privileges were revoked in retaliation for requesting to use the law library. The Ballards also allege that the criminal complaints filed against them on May 29, 2007, were filed in retaliation for the fact that James Ballard filed this lawsuit against defendants.

For relief, the Ballards primarily seek an injunction ordering the Warren County prosecutors to dismiss with prejudice all charges filed against them. Plaintiffs also seek declaratory and monetary relief.

In addition to the complaint, James Ballard has filed a motion for temporary restraining order. In the motion for TRO, Ballard further seeks to disqualify the Warren County prosecutors from bringing criminal charges against him.

**Discussion**

Giving the allegations the benefit of a liberal construction, the Court finds that James Ballard's claims for denial of access to magazines and newspapers, for denial of outdoor exercise, and for revocation of his canteen privileges in retaliation for filing this civil action survive initial review under 28 U.S.C. § 1915(e) and should not be

dismissed at this time. As a result, the Court will order defendants Dalton[1] and Sims to respond to the allegations in the complaint.

Plaintiff's claim against WCDF is legally frivolous because WCDF is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). As a result, WCDF shall be dismissed from this action.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not alleged that he suffered from any medical needs while he was detained at WCDF. As a result, James Ballard's claim for medical mistreatment is frivolous and will be dismissed.

---

[1]Defendant Dalton is required to respond to the complaint only in his capacity as "overseer" of the Warren County Detention Facility. Otherwise, Dalton is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). James Ballard has not alleged that he has suffered an actual injury to any pending or contemplated legal claim. As a result, his allegations relating to his use of the law library fail to state a claim upon which relief can be granted and will be dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs have not set forth any facts indicating that defendants Barber or Harrison were directly involved in or personally responsible for the alleged violations of their constitutional rights. As a result, the complaint shall be dismissed as to Barber and Harrison.

Where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). As a result, plaintiff's demand for money

damages against defendants Wright, Anderson, and Whiteside are barred and will be dismissed.

"Before exercising its equitable power to enjoin [a] state [criminal] proceeding, the District Court must find the plaintiff threatened with great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding." Goodrich v. Supreme Court of State of S.D., 511 F.2d 316, 317 (8th Cir. 1975) (citing Younger v. Harris, 401 U.S. 37, 46 (1971). Additionally, a district court may only enjoin state criminal proceedings in "exceptional cases." Id. Plaintiffs have not alleged in the complaint the presence of extraordinary circumstances warranting federal intervention. As a result, to the extent that the complaint seeks an injunction barring the Warren County prosecutors from proceeding against plaintiffs in the criminal proceedings, the complaint is frivolous and shall be dismissed. For the same reason, plaintiffs' motion for temporary restraining order shall be denied. And because there is no other claim involving plaintiff Mona Ballard or defendants Wright, Anderson, or Whiteside, they shall be dismissed from this action.

The complaint fails to state an actionable claim against the police officer defendants because it does not allege the absence of probable cause for plaintiffs' arrests. As a result, the complaint shall be dismissed as to defendants Harrison, Schoenfeld, and Stonebarger.

Finally, the Court notes that objective factors indicate that this action may have been filed for an improper purpose, rather than to vindicate a legitimate right. James Ballard's actions in attempting to use this case to create a conflict of interest for the Warren County prosecutors and the inclusion of several frivolous causes of action suggest to the Court that this action is malicious. However, the Court finds that the case should proceed forward at this time. If the Court determines, on a future date, that this action is malicious, it shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dalton and Sims.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dalton and Sims shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Warren County Detention Facility, Anthony Barber, Kevin Harrison, Joel Anderson, Scott Schoenfeld, Doug Stonebarger, James Whiteside, and Michael Wright because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that Mona Ballard is **DISMISSED** as party plaintiff. Motion for Appointment of Counsel [doc. #24] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Temporary Restraining Order [#21] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel [doc. #20] is **DENIED,** at this time, with leave to refile at a later date.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

So Ordered this 31st Day of July, 2007.

                                                                            E. RICHARD WEBBER
                                                                            UNITED STATES DISTRICT JUDGE