UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00964 ERW |
| ) | |
| WARREN COUNTY DETENTION, ) | |
| FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Hon. Wesley Dalton's ("Judge Dalton") Motion to Dismiss. [doc. #41].

I.  **BACKGROUND**

James Ballard ("Mr. Ballard") is currently confined in the Fulton Reception and Diagnostic Center in Fulton, Missouri. Prior to his transfer to Fulton, Mr. Ballard was detained at the Warren County Detention Facility ("WCDF") in Warrenton, Missouri pending a criminal trial. Judge Dalton was the judge in Mr. Ballard's criminal trial until Mr. Ballard's Motion for Change of Judge was granted on May 7, 2007. Mr. Ballard alleges that his constitutional rights were violated as a pre-trial detainee at WCDF.

Mr. Ballard claims that his constitutional rights were violated in a variety of ways.[1] He alleges that his rights were violated when he was denied magazines and newspapers, when he was

---

[1] Mr. Ballard's complaint includes ten other defendants and an additional plaintiff. However, the Court dismissed nine of those defendants and the other plaintiff along with several of Mr. Ballard's claims in its Memorandum and Order and Order of Partial Dismissal dated July 31, 2007 [doc. #25 and 26].

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

not permitted to receive sunlight or exercise in a outdoor recreation space, when he was denied proper medical care, when his canteen privileges were revoked, and when the letters he wrote and mailed to the Warren County Clerk were intentionally returned to him instead of delivered to the correct party.[2] Mr. Ballard alleges that Judge Dalton violated his constitutional rights in his role as overseer of the WCDF, and has brought suit under 42 U.S.C. § 1983. Mr. Ballard claims that as overseer of the WCDF, Judge Dalton is not entitled to absolute immunity and is subject to civil action. Mr. Ballard seeks damages against Judge Dalton in the amount of fifty thousand dollars.

Mr. Ballard's claims against Judge Dalton for the denial of access to magazines and newspapers, the denial of outdoor exercise, the revocation of canteen privileges, and the failure to mail his legal mail without stamps were not dismissed in the Court's July 31, 2007 Memorandum and Order. Consequently, on August 23, 2007, Judge Dalton responded to Mr. Ballard's amended complaint by filing the pending Motion to Dismiss.

## II. LEGAL STANDARD

A complaint should be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999) (*quoting Summit Health Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)). "However, the complaint must contain sufficient

---

[2] Mr. Ballard mailed these letters without postage as the Warren County Clerk and the WCDF are located in the same building and Mr. Ballard had received mail from the Warren County Clerk without postage before.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002). Additionally, the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Casazza*, 313 F.3d at 418 (*citing Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995)). Finally, dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (internal citations omitted).

**III. DISCUSSION**

In order to determine liability on a claim under 42 U.S.C. § 1983, "a casual connection between the misconduct complained of and the official sued" must be established. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). The only claim that actually mentions Judge Dalton was Mr. Ballard's claim that Judge Dalton denied him access to the law library, which was dismissed in the Court's Memorandum and Order dated July 31, 2007. Although the Court did not dismiss Mr. Ballard's claims of denial of access to magazines and newspapers, outdoor exercise, medical care, legal mail, and canteen privileges, these claims do not actually mention Judge Dalton.

"Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Mr. Ballard's conclusory allegation that he is suing Judge Dalton in his capacity as "overseer of the Warren County Detention Facility" is unsupported by the rest of the pleadings which only mention Judge Dalton in connection with the claim asserting that Mr. Ballard was denied access to the law library. Judge Dalton is not mentioned in connection with Mr. Ballard's claims regarding access

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to magazines and newspapers, ability to exercise outdoors, sending of legal mail, or canteen privileges. "Absent a showing of a causal connection between the misconduct complained of and the official sued, an individual cannot be held accountable for the alleged constitutional rights' violations committed by others." *Artis v. Petrovsky*, 638 F. Sup. 51, 55-56 (W.D. Mo. 1986) (internal citations omitted).

Additionally, Judge Dalton cannot be liable under 42 U.S.C. § 1983 as a supervisor or overseer of the WCDF. It is well established that "[r]espondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (internal citations omitted). Mr. Ballard's remaining complaints against Judge Dalton do not demonstrate a causal link, or that Judge Dalton had any responsibility for, the alleged violation of constitutional rights. As there is no causal connection, and as Judge Dalton cannot be liable through the theory of respondeat superior, Judge Dalton's motion to dismiss must be granted.

## IV. CONCLUSION

Mr. Ballard has failed to state a claim for which relief can be granted. As such, Judge Dalton's Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Judge Dalton's Motion to Dismiss [doc. #41] is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that Plaintiff's Motion for leave to Remove Defendant from Complaint [doc. #6], Plaintiff's Motion for Leave to Incorporate Defendants [doc. #16], Plaintiff's Motion to Appoint Counsel [doc. #28], Plaintiff's Motion for Temporary Restraining Order [doc. #29], Plaintiff's Motion for Permanent Injunction [doc. #30], Plaintiff's

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Motion for Preliminary Injunction [doc. #31], Plaintiff's Motion to Certify Class [doc. #32], and Plaintiff's Motion for Reconsideration re Order of Partial Dismissal [doc. #34] are **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that Mr. Ballard has failed to file a Response to the Motion for Summary Judgment [doc. #50] filed by Defendant Kim Syms on October 19, 2007. Mr. Ballard shall show cause, no later than **November 26, 2007**, why Defendant's Motion for Summary Judgment should not be granted. Failure to comply with this order may result in dismissal of this claim.

Dated this 14th day of November, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com