UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES BALLARD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV00964 ERW |
| WARREN COUNTY DETENTION FACILITY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Kim Symes'[1] Motion for Summary Judgment [doc. #50] and Motion to Dismiss Party [doc. #55].

**I.    PROCEDURAL BACKGROUND**

James Ballard ("Plaintiff") is currently confined in the Fulton Reception and Diagnostic Center in Fulton, Missouri. Prior to his transfer to Fulton, Plaintiff was detained at the Warren County Detention Facility ("WCDF") in Warrenton, Missouri pending a criminal trial. Plaintiff alleges that his constitutional rights were violated as a pre-trial detainee at WCDF. Plaintiff's Amended Complaint was brought against eleven defendants and included an additional plaintiff. However, the Court dismissed nine of those defendants and the other plaintiff along with several of Plaintiff's claims in its Memorandum and Order and Order of Partial Dismissal dated July 31, 2007 [doc. #26]. The Court also dismissed Plaintiff's claims against Judge Dalton in a

---

[1] Plaintiff's Amended Complaint was brought against "Kim Sims," however, the proper spelling of her name is "Kim Symes."

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Memorandum and Order dated November 14, 2007 [doc. #54]. Kim Symes is the only remaining Defendant.

Plaintiff's claims that remain pending against Kim Symes ("Defendant") are his claims for (1) denial of access to magazines and newspapers, (2) denial of outdoor exercise, and (3) revocation of his canteen privileges in retaliation for filing this action. Defendant filed the pending Motion for Summary Judgment, and on November 14, 2007, the Court noted that Plaintiff had failed to file a response to Defendant's Motion. The Court ordered Plaintiff to show cause, no later than November 26, 2007, why Defendant's Motion should not be granted. As of the date of this Order, Plaintiff has failed to respond in any way to Defendant's motion, and the time period for responding has expired.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**III.    DISCUSSION**

**A.    DENIAL OF MAGAZINES AND NEWSPAPERS**

Plaintiff alleges that his rights were violated when he was denied access to magazines and newspapers. To determine liability on a claim under 42 U.S.C. § 1983, "a casual connection between the misconduct complained of and the official sued" must be established. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). "Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). This causation requirement ensures that no one is held liable "for the alleged constitutional rights' violations committed by others." *Artis v. Petrovsky*, 638 F. Supp. 51, 55-56 (W.D. Mo. 1986) (internal citations omitted).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's complaint contains no factual allegations demonstrating that Defendant was involved in the denial of access to magazines and newspapers. Defendant has also filed an affidavit in which she states that she had no involvement in restricting these materials. She states that she was not involved in the adoption nor implementation of the denial of access to magazines and newspapers. Plaintiff has not opposed this motion and has therefore failed to demonstrate the existence of any genuine dispute regarding these facts. Plaintiff has not demonstrated any issue of genuine material fact regarding the causation, or responsibility for, this alleged constitutional violation. Defendant is entitled to summary judgment on this claim.

**B.     DENIAL OF OUTDOOR EXERCISE**

This claim also fails as Plaintiff has failed to demonstrate the existence of a causal link. A claim under 42 U.S.C. § 1983 requires that "a casual connection between the misconduct complained of and the official sued" be established. *Harris*, 677 F.2d at 685. "[A]n individual cannot be held accountable for the alleged constitutional rights' violations committed by others." *Artis*, 638 F. Supp. at 55-56 (internal citations omitted).

Plaintiff has made no factual allegations demonstrating that Defendant was involved in the denial of outdoor exercise. Defendant's Affidavit states that she was not involved in designing the Warren County Jail, and that she does not have any involvement in exercising prisoners at the jail. Plaintiff has not opposed this motion and has therefore failed to demonstrate the existence of any genuine dispute regarding these facts. Plaintiff has not demonstrated any issue of genuine material fact regarding Defendant's responsibility for this alleged constitutional violation. Defendant is entitled to summary judgment on this claim.

**C.     REVOCATION OF CANTEEN PRIVILEGES**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In his Amended Complaint, Plaintiff alleges[2] that on April 30, 2007, he filled out a "canteen list." When he submitted this list to Defendant, she told him that she had revoked his "normal canteen privileges." Defendant had just received an email stating that Plaintiff was to have access to the law library, but that he must pay for any copies. Plaintiff claims that upon receiving his list, Defendant stated that she was:

> [T]aking everything off here that is not legal material. You people get an inch and you want a mile. If you want to add writing materials that's fine, but everything else I am taking off here, and you are going to leave some money for any copies you want which will be $.51 each. You got that?

Defendant has submitted Plaintiff's commissary list from April 30, 2007, and this list demonstrates that in addition to legal materials, Plaintiff had ordered a number of snack items. His list added up to a cost of $40.68, and at that time he had $40.70 in his account. After Defendant removed the snack items from his list, Plaintiff added additional legal items to his list, leaving $11.58 in his account for copies at the law library.

To succeed on a claim of retaliation under 42 U.S.C. § 1983, Plaintiff "must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [Plaintiff] that would chill a person of ordinary firmness from engaging in that activity." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). The first requirement is met as Plaintiff engaged in a protected activity. The filing of lawsuits is protected under the First Amendment. *See Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). However, the requirement that the retaliation "would chill a person of ordinary firmness from engaging in that activity" has not been satisfied. *Lewis*, 486 F.3d at 1028.

---

[2] Defendant denied these allegations in her answer, but for the purpose of this motion, the Court is treating these allegations as true.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

A single instance in which an inmate is denied the opportunity to purchase snacks, while still being allowed to purchase legal items, from the commissary is not sufficient to "chill a person of ordinary firmness from [filing a lawsuit]." *Id.* The Southern District of Texas considered whether a ten-day denial of commissary privileges was sufficient for a retaliation claim, and determined that "the alleged retaliatory act was so *de minimis* that it would not deter the ordinary person from further exercise of his rights." *Johnson v. Kelly*, 2007 WL 1849001, at *11 (S.D. Tex. June 25, 2007). This denial was *de minimis*. Even assuming that it was motivated by a retaliatory intent, a one-time denial of the opportunity to purchase snacks from the commissary is "so *de minimis* that [it] would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Defendant is entitled to summary judgment on this claim.

## IV. CONCLUSION

Plaintiff has failed to show that there is sufficient evidence to enable a jury to return a verdict in his favor on his claims of denial to magazines, newspapers, and outside exercise. *See Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. Additionally, the denial of his commissary privileges was insufficient to "chill a person of ordinary firmness from [filing a lawsuit]." *Lewis*, 486 F.3d at 1028. As such, Defendant's Motion for Summary Judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [doc. #50] is **GRANTED**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Party [doc. #55] is denied as **MOOT.**

Dated this 17th day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com